No. 23-40032

**In the
United States Court of Appeals
For the Fifth Circuit**

_____

BRIAN CHANCEY,
            *Plaintiff-Appellant,*

v.

BASF,
            *Defendant-Appellee.*

_____

Appeal from the United States District Court
For the Southern District of Texas
Civil Action No. 3:22-CV-00034
Honorable Jeffery V. Brown, District Court Judge

_____

**BRIEF OF APPELLEE BASF**

_____

Carolyn Russell
Ryan Swink
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, TX  77002
713-655-0855
carolyn.russell@ogletreedeakins.com
ryan.swink@ogletreedeakins.com

**COUNSEL FOR APPELLEE
BASF CORPORATION**

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of the case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

**Plaintiff/Appellant:**

BRIAN CHANCEY
3117 Encino Ave.
Bay City, Texas 77414

**Defendant/Appellee and their Counsel:**

BASF
Carolyn A. Russell
Ryan J. Swink
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
(713) 655-0855


*/s/ Carolyn Russell*
Carolyn Russell

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellee BASF Corporation submits that the law in this case is settled and that there are no interesting or unique issues of fact or law that would benefit from exploration through oral argument.  However, should the Court determine that oral argument is appropriate, Appellee BASF Corporation respectfully requests to appear and participate.

# **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT .......................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ..............1

STATEMENT OF THE CASE ...............................................................2

   I.    FACTUAL BACKGROUND ................................................2

   II.   PROCEEDINGS IN THE COURT BELOW ............................4

SUMMARY OF ARGUMENT ...............................................................5

ARGUMENT ........................................................................................5

   I.    APPELLANT'S COMPLAINT FAILED TO STATE A CLAIM....................5

     A.   Standard of Review ...................................................5

     B.   Rule 8 Pleading Standards...........................................6

     C.   Appellant failed to plead facts sufficient to support the conclusion that he was "regarded as" disabled.........................7

      1.  A uniformly applied policy cannot satisfy the "regarded as" definition of a disability. ..........................................8

      2.  Being at risk of developing a condition in the future is not a "physical or mental impairment" ...........................................10

      3.  Public policy does not support the conclusion that BASF's good faith efforts to follow public health guidance should provide a basis for potential liability. ....................................11

     D.   The District Court properly concluded Appellant failed to plead an unlawful a disability related inquiry or medical examination. ...........................................................13

1.   Appellant has forfeited this claim by failing to identify any
     allegedly unlawful inquiry or medical exam in his brief. ........ 13

2.   Appellant failed to adequately plead an unlawful disability
     related inquiry or medical examination. ............................... 13

E.   The District Court properly concluded that Appellant failed to
     plead a materially adverse employment action in support of
     his retaliation claim. ................................................................ 18

1.   Appellant failed to adequately brief the issues presented to
     the District Court. ................................................................... 18

2.   Appellant failed to allege that BASF took a materially adverse
     employment action. .................................................................. 20

II.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION
     DISMISSING APPELLANT'S COMPLAINT WITH
     PREJUDICE .............................................................................. 22

A.   Standard of Review ................................................................... 22

B.   Standards for Leave to Amend ................................................ 23

C.   Appellant has failed to demonstrate that the District Court
     abused its discretion. ................................................................ 24

CONCLUSION AND PRAYER ........................................................... 25

# TABLE OF AUTHORITIES

**Cases**                                                               **Page(s)**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)................................................................6, 7

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)................................................................6, 7

*Brownfield v. City of Yakima,*
612 F.3d 1140 (9th Cir. 2010)............................................14

*Burlington N. & Santa Fe Ry. Co. v. White,*
548 U.S. 53 (2006)....................................................................20

*Bustos v. Martini Club, Inc.,*
599 F.3d 458 (5th Cir. 2010)..................................................6

*Champion v. Mannington Mills, Inc.,*
538 F. Supp. 3d 1344 (M.D. Ga. 2021) .............................11

*Chaney v. New Orleans Pub. Facility Mgmt., Inc.,*
179 F.3d 164 (5th Cir. 1999)................................................19

*Colony Ins. Co. v. Peachtree Const., Ltd.,*
647 F.3d 248 (5th Cir. 2011)..................................................7

*Conroy v. New York Dept. of Correctional,*
333 F.3d 88 (2d Cir. 2003) ...................................................14

*Darby v. Childvine, Inc.,*
964 F.3d 440 (6th Cir. 2020)................................................10

*Dehart v. Baker Hughes,*
214 F. App'x 437 (5th Cir. 2007).....................................20, 21

*Delaval v. Ptech Drilling Tubulars, LLC,*
824 F.3d 476 (5th Cir. 2016)...........................................14, 15

*Diggs v. Burlington N. & Santa Fe Ry. Co.,*
742 F. App'x 1 (5th Cir. 2018)..............................................15

*EEOC v. Prevo's Family Mkt., Inc.,*
  135 F.3d 1089 (6th Cir. 1998) ............................................................ 14

*Equal Employment Opportunity Comm'n v. STME, LLC,*
  938 F.3d 1305 (11th Cir. 2019) .......................................................... 10

*Feist v. State,*
  730 F.3d 450 (5th Cir. 2013) .............................................................. 20

*Foman v. Davis,*
  371 U.S. 178 (1962) ............................................................................ 23

*Frew v. Janek,*
  820 F.3d 715 (5th Cir. 2016) ........................................................ 13, 18

*Goldstein v. MCI WorldCom,*
  340 F.3d 238 (5th Cir. 2003) ........................................................ 23, 24

*Grice v. FMC Techs., Inc.,*
  216 F. App'x 401 (5th Cir. 2007) .................................................. 21, 22

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.,*
  302 F.3d 552 (5th Cir. 2002) .......................................................... 6, 22

*Hunter v. Berkshire Hathaway, Inc.,*
  829 F.3d 357 (5th Cir. 2016) .............................................................. 24

*Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of
  Ga., Inc.,*
  892 F.3d 719 (5th Cir. 2018) .......................................................... 5, 22

*Jones v. Robinson Prop. Grp., LP,*
  427 F.3d 987 (5th Cir. 2005) .............................................................. 23

*King v. Louisiana,*
  294 F. App'x 77 (5th Cir. 2008) .......................................................... 20

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n,*
  751 F.3d 368 (5th Cir. 2014) .............................................................. 23

*Montandon v. Farmland Indus., Inc.,*
  116 F.3d 355 (8th Cir. 1997) .............................................................. 22

*Richardson v. Axion Logistics, L.L.C.*,
    780 F.3d 304 (5th Cir. 2015) ............................................................ 6

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974) ......................................................................... 7

*Shell v. Burlington N. Santa Fe Ry. Co.*,
    941 F.3d 331 (7th Cir. 2019) .......................................................... 10

*Smith v. City of Jackson*,
    544 U.S. 228 (2005) ......................................................................... 9

*Stroy v. Gibson*,
    896 F.3d 693 (5th Cir. 2018) .......................................................... 21

*Thompson v. City of Waco*,
    764 F.3d 500 (5th Cir. 2014) .......................................................... 22

*Toledo v. Bureau of Prisons*,
    238 F. App'x 10 (5th Cir. 2007) ..................................................... 24

*Turner v. Pleasant*,
    663 F.3d 770 (5th Cir. 2011) ............................................................ 7

*United States v. Lauderdale Cnty.*,
    914 F.3d 960 (5th Cir. 2019) ............................................................ 8

*Watkins v. Upton*,
    813 Fed. Appx. 164 (5th Cir. 2020) ............................................... 24

*Willard v. Humana Health Plan*,
    336 F.3d 375 (5th Cir. 2003) .......................................................... 23

*Williams-Evans v. Advance Auto Parts*,
    843 F. App'x 144 (11th Cir. 2021) ................................................. 21

**Statutes**

28 U.S.C. § 1291 ................................................................................. 1

28 U.S.C. § 1331 ................................................................................. 1

29 U.S.C. § 623(a) ..................................................................... 9

42 U.S.C. § 12102(3)(A) ....................................................... 8-10

42 U.S.C. § 12112 ................................................................... 14

## Other Statutes

Enforcement Guidance: Disability-Related,
   WL 33407181 (July 27, 2000) ............................................... 1

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Appellant attempted to state claims arising under the laws of the United States. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 as this appeal is from the District Court's final judgment dismissing Appellant's claims with prejudice pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether an employer's COVID-19 mitigation policy that provides employees a mechanism for requesting accommodations under the Americans with Disabilities ("ADA") nevertheless might violate the ADA because the policy allegedly "regard every employee as a contagious threat that needs mitigation" even though the statutory definition of "regarded as" disabled does not support a disparate impact claim.

2. Whether an employer's uniformly enforced temperature screening and vaccination status self-reporting policy is an unlawful "disability-related inquiry" when information gathered is not likely to elicit information about a disability.

3. Whether an employer's attempts to enforce a lawful policy, which an employee objects to as unlawful, constitute an "adverse action" for purposes of the employee's retaliation claim.

4. Whether the District Court abused its discretion by not *sua-sponte* granting Appellant leave to file a Second Amended Complaint where Appellant waived his right to amend under the local rules, failed to file a proposed amended complaint, and failed to identify any material facts he would have included in a Second Amended Complaint.

## STATEMENT OF THE CASE

### I.    FACTUAL BACKGROUND

According to the First Amended Complaint (ROA.199-356) filed by Plaintiff-Appellant Brian Chancey ("Appellant"), this case is about alleged disability discrimination. Appellant's allegations center on Defendant-Respondent BASF Corporation's ("BASF") COVID-19 mitigation policy and procedures, which contain express mechanism for requesting reasonable accommodations under the ADA. *See* ROA.236 Appellant is a **<u>current</u>** BASF employee. Appellant's Brief at 30. Appellant alleges that BASF's COVID-19 policy is discriminatory because the policy "regard every employee as a contagious threat that needs mitigation, yes, every single employee." Appellant's Brief at 21.

Appellant further alleges that BASF's COVID-19 policy contains unlawful disability-related inquiries and medical examinations. ROA.205-206 Particularly, Appellant alleges that "requiring vaccine status records, temperature checks and antigen tests" are unlawful disability-related inquiries and medical examinations. ROA.392 However, the allegations in Appellant's First Amended Complaint are not consistent with his arguments. Appellant's First Amended Complaint alleges that on October 14, 2021, he received an email stating "We are

2

asking all vaccinated U.S. employees to provide proof of vaccination." ROA.282 The First Amended Complaint further alleges that **all** employees were required to submit to temperature screenings upon entry to the site regardless of vaccination status. ROA.230 Finally, the First Amended Complaint alleges that BASF announced its **<u>intent</u>** to comply with OSHA's Emergency Temporary Standard and require that unvaccinated employees submit weekly antigen tests. ROA.226 However, Appellant does not allege he was ever actually required to submit to a BASF mandated COVID-19 test.

Finally, the First Amended Complaint alleges that BASF retaliated against Appellant when he objected to BASF's COVID-19 policy. ROA.213 The First Amended Complaint lists various minor slights that Appellant allege constitute "adverse employment actions" for purposes of his retaliation claim. ROA.212 However, Appellant's Brief makes only vague reference to some of these allegations; particularly, his allegations of "false claims of job abandonment, false records of him being a safety hazard, [and] threats of termination." Appellant's Brief at 31. Each of these alleged "adverse employment actions" were attempts by BASF to enforce its COVID-19 policy. *See* ROA.221-222; ROA.235 (safety

violations); ROA.224; ROA.265-269 (job abandonment); ROA.226 (threats of termination) Indeed, Appellant's brief is clear, he alleges "the 'Covid policy' itself is a 'materially adverse changes in the terms and conditions' of his employment." Appellant's Brief at 29.

## II.  PROCEEDINGS IN THE COURT BELOW

Appellant filed his Original Complaint on January 31, 2022. ROA.1 Appellant filed his First Amended Complaint on March 3, 2022, prior to BASF filing a responsive pleading. ROA.2 On March 18, 2022, BASF served Appellant a pre-motion conference letter regarding his pleading deficiencies pursuant to Judge Brown's Rule 6.[1] ROA.358 Appellant elected not to amend his live pleading in response to BASF's pre-motion conference letter. On April 4, 2022, BASF filed its Motion to Dismiss. ROA.4 Appellant responded and BASF replied. ROA.4 On December 29, 2023, the District Court granted BASF's Motion to Dismiss. ROA.5 Appellant never requested leave to file an amended complaint as required by Judge Brown's Rule 6. This appeal followed.

---

[1] As used in this brief, Judge Brown's Rules refers to the Southern District of Texas Galveston Division Rules of Practice available at
https://ww.txs.uscourts.gov/sites/txs/files/Galveston_Division_Rules_of_Practice_21_Feb_2023.pdf

## SUMMARY OF ARGUMENT

The District Court did not commit reversible error when it dismissed Appellant's First Amended Complaint with prejudice. The District Court correctly found that Appellant failed to plead that he was regarded as disabled because the regarded as definition cannot support a disparate impact claim and heightened risk of future disease is not an impairment. Furthermore, the District Court correctly concluded that Appellant failed to allege BASF required him to submit to a medical exam or inquiry that was likely to elicit information about a disability. Likewise, the District Court correctly found that Appellant failed to allege more than petty slights or minor annoyances in support of his retaliation claim. Finally, the District Court did not abuse its discretion by failing *sua sponte* to afford Appellant an opportunity to amend his complaint.

## ARGUMENT

### I.    APPELLANT'S COMPLAINT FAILED TO STATE A CLAIM

#### A.    Standard of Review

The Court reviews a dismissal for failure to state a claim *de novo*. *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*,

892 F.3d 719, 726 (5th Cir. 2018); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 557–58 (5th Cir. 2002). On a motion to dismiss, the Court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (quoting *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010)).

**B.    Rule 8 Pleading Standards**

Under Federal Rule of Civil Procedure 8, a plaintiff must simply give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The facts alleged must "be enough to raise a right to relief above the speculative level," but the complaint may survive a motion to dismiss even if recovery seems "very remote and unlikely." *Twombly*, 550 U.S. at

555–56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Thus, "the complaint must provide more than conclusions, but it need not contain detailed factual allegations." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011)). The Supreme Court has held, however, that although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 US at 678 (quoting *Twombly*, 550 US at 555).

**C.** **Appellant failed to plead facts sufficient to support the conclusion that he was "regarded as" disabled.**

Appellant's First Amended Complaint is devoid of any allegation that he, individually, was treated different from any other BASF employee because of a perceived disability. Nevertheless, Appellant avers that he has adequately plead that BASF regarded him as disabled. Appellant contends that the assertions in his pleadings—that BASF's COVID-19 policy itself "irrationally treats everyone as if they had a deadly contagious disease, as if they have the exact same disability"— is sufficient. Appellant's Brief at 22.

Appellant's proclamation that a uniformly applied policy regarded him, as well as every other BASF employee, as disabled is not cognizable

under the ADA. Indeed, the plain language of the statue is clear. To state a claim under the "regarded as" definition of disabled, Appellant must allege, and ultimately prove, that "the individual" was subjected to an unlawful action an actual or perceived physical impairment. 42 U.S.C. § 12102(3)(A). Appellant's failure to allege that he, individually, was treated differently because of a perceived disability is fatal to his claim. Additionally, Appellant's claim also fails because BASF's COVID-19 policy, which seeks to prevent future medical conditions, does not satisfy the ADA's definition of an "impairment."

## 1. A uniformly applied policy cannot satisfy the "regarded as" definition of a disability.

"The task of statutory interpretation begins and, if possible, ends with the language of the statute." *United States v. Lauderdale Cnty*., 914 F.3d 960, 964 (5th Cir. 2019). The ADA's definition of regarded as disabled is codified at 42 U.S.C. § 12102(3)(A), which states:

> **An individual** meets the requirement of "being regarded as having such an impairment" if the **individual establishes** that **he or she** has been subjected to an action prohibited under this chapter **because of** an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. (Emphasis added.)

An ordinary reading of the statute demonstrates that the regarded as definition of disabled only applies to actions taken against individuals

and, therefore, does not permit disparate impact claims such as the one proffered by Appellant. The Supreme Court's decision in *Smith v. City of Jackson*, 544 U.S. 228 (2005) is instructive. In *Smith*, the Court analyzed whether a plaintiff could proceed on a disparate-impact theory under the ADEA. The Court held that disparate impact claims were viable under 29 U.S.C. § 623(a)(2) but were not cognizable under § 623(a)(1). To reach that conclusion, the Court focused the textual differences between sections (a)(1) and (a)(2). *Id.* at 236 n.6. The Court explained that because section (a)(1) focused on the effects of the employer's action on the targeted individual it gave rise to a disparate-treatment claim but not a disparate-impact claim. *Id.* By contrast section (a)(2) focused on the effect of an employer's practice generally, and, therefore, supported a disparate impact claim. *Id.*

Here, the plain language of 42 U.S.C. § 12102(3)(A) unmistakably focuses on the effects an employer's action has on the targeted individual. Therefore, the "regarded as" definition of disabled cannot support a disparate-impact claim. Because Appellant has conceded in his brief that he was "regarded as" disabled based on his perception that BASF's COVID-19 mitigation policy had the disparate impact of regarding

everyone as disabled, he cannot state a claim and the District Court properly dismissed his First Amended Complaint.

## 2. Being at risk of developing a condition in the future is not a "physical or mental impairment"

Even if the "regarded as" prong could support a disparate impact claim, Appellant would still be required to plead and prove a perceived "impairment." *See* 42 U.S.C. § 12102(3)(A). Appellant cannot do so here.

Appellant contends that BASF's COVID-19 mitigation policy regarded him (and every other BASF employee) has having a condition "that made him vulnerable to contracting a deadly contagious disease . . ." Appellant's Brief at 16. In other words, Appellant contends that BASF regarded him as having a condition, which might render him as disabled in the future. Every Circuit Court of Appeals that has addressed the issue has concluded that the ADA's "regarded as" prong does not cover a situation where an employer views an employee as at risk for developing a qualifying impairment in the future. *See Darby v. Childvine, Inc.*, 964 F.3d 440, 446 (6th Cir. 2020); *Shell v. Burlington N. Santa Fe Ry. Co.*, 941 F.3d 331, 336 (7th Cir. 2019); *Equal Employment Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1315 (11th Cir. 2019).

Likewise, the Equal Employment Opportunity Commission has concluded that the definition of "physical or mental impairment" does not include "characteristic predisposition to illness or disease." 29 C.F.R. § Pt. 1630, App. Section 1630.2(h) Physical or Mental Impairment. Thus, even if Appellant could state a disparate impact claim under the regarded as test (which he cannot), Appellant has failed to do so here by pleading that BASF regarded him (and every other employee) as having a predisposition to illness or disease and/or at risk of developing an illness or diseases in the future. Therefore, the District Court properly dismissed Plaintiff's First Amended Complaint.

### 3. Public policy does not support the conclusion that BASF's good faith efforts to follow public health guidance should provide a basis for potential liability.

"Just because [BASF] followed the relevant public health guidance . . . does not mean [BASF] regarded [Plaintiff] as disabled." *Champion v. Mannington Mills, Inc.*, 538 F. Supp. 3d 1344, 1350 (M.D. Ga. 2021). "To hold otherwise would mean that every person in the United States who was (or who may be) sent home upon feeling sick during this pandemic, or was asked to stay home once testing positive or being exposed to COVID-19, would be disabled for the purposes of the ADA and every such

employer covered by the ADA potentially liable." *Id.* Simply put, the court should decline Appellant's invitation to craft a novel theory of liability under the ADA because doing so would force employers to choose between taking good faith actions to protect their employees and protecting themselves from vexatious litigation.

This is not to say that a pandemic or other national emergency gives an employer carte blanche to do as it pleases. Rather, the ADA's reasonable accommodations procedure strikes an appropriate balance between protecting the rights of the disabled and an employer's rights and obligation to implement measures it deems appropriate to protect its employees. As is clear from the attachments to Appellant's First Amended Complaint (*see* ROA.251-276), BASF repeated attempted to engage Appellant in the interactive process. Appellant repeatedly rejected BASF's good faith overtures.

When drafting the ADA and creating the accommodations process, Congress struck what it saw as an appropriate balance between an employer's right and obligation to protect its employees and the public's interest in protecting the rights of the disabled. The court should not disturb this balance by recognizing a novel cause of action—Disparate

impact for individuals at risk for developing a qualifying impairment in the future. The judgment of the District Court should be affirmed.

### D. **The District Court properly concluded Appellant failed to plead an unlawful a disability related inquiry or medical examination.**

#### 1. **Appellant has forfeited this claim by failing to identify any allegedly unlawful inquiry or medical exam in his brief.**

An appellant forfeits issues on appeal if he fails to adequately brief the issue. *Frew v. Janek*, 820 F.3d 715, 719 (5th Cir. 2016). To adequately brief an issue, Appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8)(A). Here, Appellant's brief contains nothing more than conclusory allegations that BASF engaged in unlawful disability related inquiries or medical examination. Appellant does not identify any specifically plead action or explain how that allegation satisfies or violates any legal standard. Therefore, he has failed to adequately brief and abandoned this claim.

#### 2. **Appellant failed to adequately plead an unlawful disability related inquiry or medical examination.**

Section 12112(d)(4)(A) of the ADA provides that "[a] covered entity

shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112. "Section 12112(d)(4)(A) prohibits employers from using medical exams as a pretext to harass employees or to fish for nonwork-related medical issues and the attendant 'unwanted exposure of the employee's disability and the stigma it may carry.' " *Brownfield v. City of Yakima*, 612 F.3d 1140, 1140 (9th Cir. 2010) (citing *EEOC v. Prevo's Family Mkt., Inc.*, 135 F.3d 1089, 1094 n.8 (6th Cir. 1998)). The provision does not prohibit all medical inquires, but only those "as to whether such employee is an individual with a disability or as to the nature or severity of the disability." *Conroy v. New York Dept. of Correctional*, 333 F.3d 88, 95 (2d Cir. 2003) (quoting 42 U.S.C. § 12112). When interpreting this provision, the this court looks to the U.S. Equal Employment Opportunity Commission ("EEOC") Enforcement Guidance: Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (2000), 2000 WL 33407181 ("Enforcement Guidance"). *See Delaval v. Ptech Drilling Tubulars, LLC*,

824 F.3d 476, 482 (5th Cir. 2016); *Diggs v. Burlington N. & Santa Fe Ry. Co.*, 742 F. App'x 1, 4 (5th Cir. 2018).

Under the Enforcement Guidance, the first step is to determine whether an employer's question is a "disability-related inquiry" or whether the test or procedure is a "medical examination." 2000 WL 33407181, at *2. A "disability-related inquiry" "is a question (or series of questions) that is likely to elicit information about a disability." *Id.* at * 3. A "medical examination" is "a procedure or test that seeks information about an individual's physical or mental impairments or health." *Id.* at * 3. In this case, Appellant has not alleged that BASF undertook any action that meets the definitions of a disability-related inquiry or medical examination. What is more, all BASF actions, as alleged by Appellant, are consistent with the contemporaneously available EEOC guidance specifically related to the COVID-19 pandemic that was applicable at the time. *See What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO*, U.S. Equal Emp. Opportunity Comm'n (Oct. 28, 2021).[2]

---

[2] Available at
https://web.archive.org/web/20211031180645/https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws.

In his Response to BASF's Motion to Dismiss, Appellant argued that "requiring vaccine status records, temperature checks and antigen tests" are unlawful disability-related inquiries and medical examinations. ROA.392 However, the allegations in Appellant's First Amended Complaint are not consistent with his arguments. Appellant's First Amended Complaint alleges that on October 14, 2021, he received an email stating "We are **asking** all vaccinated U.S. employees to provide proof of vaccination." ROA.282 (Emphasis added.) The First Amended Complaint further alleges that all employees were required to submit to temperature screenings upon entry to the site regardless of vaccination status. ROA.230 Finally, the First Amended Complaint alleges that BASF announced its **intent** to comply with OSHA's Emergency Temporary Standard and require that unvaccinated employees submit weekly antigen tests. ROA.226 However, Appellant does not allege he was ever actually required to submit to a BASF mandated COVID-19 test.

Thus, the only allegations possibly before this Court are: (1) BASF's request that employees voluntarily report their vaccination status and (2) uniformly applied temperature checks. Appellant does not explain

16

how these alleged "requirements" are likely to elicit information about a disability or seek information about an individual's physical or mental impairments or health. Indeed, Appellant cannot make that connection. Rather, Appellant attempts to fault BASF for not citing the most recent version of the EEOC guidance, which was published after BASF filed its motion to dismiss. However, even under the updated EEOC Guidance, BASF did not administer unlawful medical examinations or engage in disability related inquires.

Section K.1 of the current EEOC guidance states: "the EEO laws do not prevent employers from requiring documentation or other confirmation that employees are up to date on their vaccinations." *See What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO*, U.S. Equal Emp. Opportunity Comm'n (July 12, 2022), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws.

Likewise, Section A.8 expressly authorizes temperature screenings for all employees physically entering the workplace. Finally, Section A.11 recognizes an employer's right to exclude employees from the physical workplace when they refuse to submit to temperature screenings or

answer other questions regarding potential COVID-19 status.

Appellant cites to section A.9 of the current guidance which prohibits employers from singling out employees for COVID-19 questions or screening. However, Plaintiff's First Amended Complaint expressly references a July 30, 2021 email as the factual basis for his allegation. ROA.220 ¶10 That email is attached to and incorporated into Plaintiff's First Amended Complaint. The email states "**All** employees will adhere to temperature and COVID survey screening upon entry to the site regardless of vaccination status." ROA.230 (Emphasis in original.) Thus, Appellant's reference to section A.9 is simply a red herring. He has not alleged that he was singled out for screening procedures.   Therefore, the judgment of the District Court should be affirmed.

### E.   The District Court properly concluded that Appellant failed to plead a materially adverse employment action in support of his retaliation claim.

#### 1.   Appellant failed to adequately brief the issues presented to the District Court.

An appellant forfeits issues on appeal if he fails to adequately brief the issue. *Frew*, 820 F.3d at 719. To adequately brief an issue, Appellant's brief must contain "appellant's contentions and the reasons for them,

with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8)(A).

Nearly the entirety of Appellant's brief on this issue focuses on Appellant's contention that BASF's COVID-19 policy is itself retaliatory. This theory is nonsensical. Appellant alleges he was retaliated against for objecting to the policy. Thus, it is impossible for the policy, which was implemented prior to the alleged protected activity, to have been implemented in retaliation for the complaints. *See Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999) (affirming that an employer who is unaware of an employee's protected conduct at the time of the adverse employment action cannot retaliate against the employee based on said conduct).

The only other arguments Appellant advances consist of conclusory allegations not supported with record cites and a reference to page 11 of the District Courts opinion, which he argues contains "several of the adverse employment actions alleged by plaintiff on [sic] his complaint." Appellant's Brief at 31-32. Appellant does not discuss his allegations or provide any authority in support of his conclusory contention that they

are materially adverse. Therefore, Appellant has waived the issue on appeal and the judgment of the District Court should be affirmed.

### 2. Appellant failed to allege that BASF took a materially adverse employment action.

To allege a plausible claim of retaliation under the ADA, a plaintiff must contend that (1) he participated in an activity protected under the statute; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. *Feist v. State*, 730 F.3d 450, 454 (5th Cir. 2013). To prove the second element—an adverse employment action—a plaintiff must demonstrate that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Dehart v. Baker Hughes*, 214 F. App'x 437, 442 (5th Cir. 2007). Petty slights or minor annoyances do not rise to the level of an adverse employment action. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006);[3] *see also King v. Louisiana*, 294 F. App'x

---

[3] In *White*, the Supreme Court articulated the standard for adverse employment in retaliation cases. Appellant contends, without citation to statutory language or other authority, that the 2008 amendments to the ADA lowered the burden. BASF is not aware of any authority that supports Appellant's contentions.

77, 85 (5th Cir. 2008) (holding that "allegations of unpleasant work meetings, verbal reprimands, improper work requests and unfair treatment do not constitute adverse employment actions as . . . retaliation"); *Grice v. FMC Techs., Inc.*, 216 F. App'x 401, 407 (5th Cir. 2007) (holding that allegedly falsified reprimands are considered "trivial" and not materially adverse in the retaliation context); *DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. App'x 437, 442 (5th Cir. 2007) (holding that a written disciplinary warning for insubordination and being argumentative would not have "dissuaded a reasonable worker from making or supporting a charge of discrimination").

Although not briefed by Appellant, the allegations in his First Amended Complaint fall into four categories: (1) threats, (2) denying access to the jobsite, (3) refusing to exempt him from the COVID-19 policy, and (4) an allegedly falsified written safety warnings. None of the allegations is sufficient to allege an adverse employment action. *See Stroy v. Gibson*, 896 F.3d 693, 699 (5th Cir. 2018) ("[A]n employment action that does not affect job duties, compensation, or benefits is not an adverse action."). First, threats are not adverse employment actions. *See Williams-Evans v. Advance Auto Parts*, 843 F. App'x 144, 149 (11th Cir.

2021). Second, denying Appellant access to the jobsite and requiring him to work from home is a change in job duties and not an adverse employment action. *See Thompson v. City of Waco*, 764 F.3d 500, 504 (5th Cir. 2014). Third, refusal to provide preferential treatment is not an adverse employment action. *See Montandon v. Farmland Indus., Inc.*, 116 F.3d 355, 359-60 (8th Cir. 1997) ("[N]ot everything that makes an employee unhappy is an actionable adverse action."). Finally, allegedly false write ups are not adverse employment actions. *See Grice*, 216 F. App'x at 407.

At bottom, the District Court correctly found that Appellant failed to allege anything more than petty slights or minor annoyances. Therefore, the District Court's judgment should be affirmed.

## II.   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION DISMISSING APPELLANT'S CLAIMS WITH PREJUDICE

### A.   Standard of Review

The Court reviews a denial of leave to amend a complaint for abuse of discretion. *Innova Hosp. San Antonio, LP*, 892 F.3d at 726; *Herrmann Holdings Ltd.*, 302 F.3d at 558.

**B.**   <u>Standards for Leave to Amend</u>

"Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n,* 751 F.3d 368, 378 (5th Cir. 2014); *Jones v. Robinson Prop. Grp., LP,* 427 F.3d 987, 994 (5th Cir. 2005). Leave to amend is in no way automatic, but the district court must possess a "substantial reason" to deny a party's request for leave to amend. *Id.* The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of the amendment. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A bare request in an opposition to a motion to dismiss — without any indication of the particular grounds on which the amendment is sought — does not constitute a motion within the contemplation of Rule 15(a). *Willard v. Humana Health Plan*, 336 F.3d 375, 387 (5th Cir. 2003) Courts may also deny leave when a party fails to submit a proposed pleading or explain how he can cure any defects. *Goldstein v. MCI*

*WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (finding no abuse of discretion when the plaintiff "did not proffer a proposed second amended complaint to the district court, and did not suggest in their responsive pleading any additional facts not initially plead that could, if necessary, cure the pleading defects raised by the defendants.").

### C.    Appellant has failed to demonstrate that the District Court abused its discretion.

To demonstrate that the District Court abused its discretion by denying leave to amend, Appellant must identify additional material facts that would support a meritorious claim. *Watkins v. Upton*, 813 Fed. Appx. 164, 165 (5th Cir. 2020). Likewise, Appellant must prove he preserved the issue at the District Court level. Here, Appellant did neither, and merely observed that it was "odd" that BASF would ask the District Court to deny any request for leave to amend. ROA.395 This is insufficient to preserve the issue. *See Hunter v. Berkshire Hathaway, Inc.*, 829 F.3d 357, 362 n.6 (5th Cir. 2016) ("This throw-away line is not enough to put the matter before the district court.").

Additionally, a District Court does not abuse its discretion when it denies leave to amend pursuant to its local rules. *See Toledo v. Bureau of Prisons*, 238 F. App'x 10, 11 (5th Cir. 2007). Here, Judge Brown's Rule

6 requires a defendant serve the plaintiff a pre-motion conference letter before filing a Rule 12 Motion. BASF complied with this requirement. ROA.358. Judge Brown's Rule 6 affords the plaintiff an opportunity to amend prior to Defendant's filing their motion. Appellant declined his opportunity to amend. ROA.395 The rule further provides, "Once the motion to dismiss is filed, the non-movant shall not be allowed to amend its pleading until disposition of the motion to dismiss and upon leave from the court." Appellant never sought leave of court to file an amended complaint.

For all these reasons, the District Court did not abuse its discretion.

## <u>CONCLUSION AND PRAYER</u>

The arguments, authorities and record evidence cited herein establish that the District Court did not err in dismissing Appellant's claims against BASF under Rule 12(b)(6). The record evidence, when applied to the clear authority of this Court, confirms that Appellant failed to state a claim upon which relief could be granted.

Further, the arguments, authorities and record evidence establish that the District Court did not abuse its discretion by denying Appellant leave to amend his complaint. Appellant was provided a pre-motion

opportunity to amend and he failed to correct the insufficiencies of his pleading.  He also failed to provide grounds for further amendment, provide a proposed amended pleading or explain how she would cure the defects in his First Amended Complaint. Accordingly, the District Court properly denied leave for further amendment because it would be futile.

Wherefore, Appellee BASF respectfully requests that the judgment of the District Court be affirmed.

Respectfully submitted,

*/s/ Carolyn Russell*
Carolyn Russell
Ryan Swink
Ogletree, Deakins, Nash,
        Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas  77002-4709
(713) 655-0855
(713) 655-0020 Fax
Carolyn.russell@ogletree.com
Ryan.swink@ogletree.com

**ATTORNEYS FOR APPELLEE
BASF CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was filed using the Court's ECF/CM system on this 30th day of March 2023, which will serve notice and a copy in electronic form to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeal for the Fifth Circuit, as well as all counsel of record. The undersigned further certifies that a true and correct copy of the foregoing instrument was served on Appellant via Certified Mail Return Receipt Requested.

Counsel further certifies that (1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned and is free of viruses.

*/s/ Carolyn Russell*
Carolyn Russell

# CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,034  words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fifth Circuit Rule 32.2.  The undersigned relied on her word processor to obtain that count.

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface and double spaced using Microsoft Word for Windows, version 10 in Century Schoolbook font 14-point type face, with quotations over 2 lines and footnotes single-spaced and footnotes in 12-point type face.

*/s/ Carolyn Russell*
Carolyn Russell
COUNSEL FOR DEFENDANT-APPELLEE
BASF CORPORATION

Dated: March 30, 2023