# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2023

Lyle W. Cayce
Clerk

———————

No. 23-40032

———————

Brian Chancey,

*Plaintiff—Appellant,*

*versus*

BASF,

*Defendant—Appellee.*

———————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CV-34

———————————————

Before King, Willett, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Plaintiff Brian Chancey asserts various claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, alleging that his current employer, BASF Corporation, discriminated against him while enforcing a workplace COVID-19 policy. The district court dismissed Chancey's claims with prejudice. We AFFIRM.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40032

I

Chancey has worked as an "I/E engineer" for BASF in Freeport, Texas, since June 2020. He alleges that, in August 2021, BASF began enforcing a COVID-19 policy in compliance with EEOC guidance. The policy entailed masking requirements, inquiries about vaccine status, social distancing, handwashing, and temperature checks. Believing these measures to be ineffective, Chancey declined to abide by them and requested that he be able to continue to work on site. Chancey also expressed concerns about the policy to multiple supervisors and BASF's human resources department, questioning how BASF could impose "a medical intervention" on him and inquiring whether alternative protective measures were available. BASF opened an investigation into Chancey's complaints and separated him from other employees for the duration of that investigation.

According to Chancey, once BASF completed its investigation, it instituted a number of "accommodations," including "demanding [he] remain 6 feet away from co-workers; refusing him access to the work space, his office, the staff room, and rest rooms; making him work remotely; limiting room occupancy; segregating [him] to a part of the work space; [and] implementing 'first contact protocols' and 'quarantine' without due process." Chancey also alleges that BASF began treating him as a "safety hazard" and "direct threat" due to his vaccination status, requesting that he submit to weekly COVID testing at his own expense and endure "enhanced quarantine measures."

Based on these and other allegations, Chancey sued BASF for disability discrimination under the ADA, accusing BASF of regarding him as if he had an "impaired immune system and an impaired respiratory system." *See* 42 U.S.C. § 12102(1)(C) (defining disability as "being regarded as having" a physical or mental impairment). BASF moved to dismiss

No. 23-40032

Chancey's claims under 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted the motion and dismissed Chancey's claims with prejudice. Chancey timely appealed.

## II

"We review the grant of a motion to dismiss under Rule 12(b)(6) de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'" *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We "do not accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

## III

Chancey argues that the district court erred by dismissing his discrimination, retaliation, and medical-examination claims with prejudice. We address each argument in turn.

## A

In his first claim, Chancey alleges that BASF discriminated against him based on a "perceived disability." Through its COVID policy, Chancey complains, BASF regarded him as having "a deadly and contagious disease or that he had an impaired immune system or an impaired respiratory system." BASF's perception of a disability was further evidenced, Chancey says, by its insistence that he wear a mask and isolate himself from other employees.

No. 23-40032

The ADA permits suits not only by those who are actually disabled but also those who are "regarded as" disabled. *See* 42 U.S.C. § 12102(1)(A)–(C). To state a claim for employment discrimination under the "regarded as" prong of the ADA, Chancey must establish that he was "subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015) (alteration in original) (quoting 42 U.S.C. § 12102(3)(A)). BASF argues, and the district court held, that merely being at risk of developing a condition is insufficient to state a disability-discrimination claim under the ADA.

We agree. At least three other circuits have reached the same conclusion in analogous contexts. *See, e.g.*, *Darby v. Childvine, Inc.*, 964 F.3d 440, 446 (6th Cir. 2020) (holding that a condition "that might lead to a disability in the future" or a condition that "merely predisposes an individual to other conditions . . . is not itself a condition under the ADA"); *Shell v. Burlington N. Santa Fe Ry. Co.*, 941 F.3d 331, 336 (7th Cir. 2019) (holding that the "fear" of developing an ADA-qualifying condition based on an underlying condition was insufficient); *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1318 (11th Cir. 2019) (holding that the EEOC failed to state a "regarded as" claim based on an employer's belief that an employee would "contract Ebola in the future"). Chancey makes no effort to distinguish that authority or otherwise provide any reason why we should depart from it. Seeing none ourselves, we cannot conclude that the district court erred by dismissing Chancey's discrimination claim.

B

Chancey next contends that the district court erred by dismissing his claims that BASF unlawfully required medical examinations and made

inquiries about his "perceived" disability. *See* 42 U.S.C. § 12112(d)(4)(A) ("A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability . . . ."). Much like his briefing, Chancey's amended complaint below contains only passing and conclusory references to medical examinations and inquiries. He does not state that he was ever subjected to such examinations or inquiries—and indeed, by all indications, it appears Chancey successfully *resisted* them. His primary complaint—that BASF regarded him as a having a disability despite never conducting an "individualized assessment"—is consistent with that fact. These allegations are thus insufficient to state a claim for unlawful imposition of medical examination and inquiries. *See Southland Securities Corp.*, 365 F.3d at 361.

## C

Chancey also argues that BASF unlawfully retaliated against him for objecting to its COVID-19 policy and for filing charges of discrimination with the EEOC. *See* 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by" the ADA). Chancey alleges that BASF's retaliatory acts took a number of different iterations:

> [BASF] created false employment records stating that [Chancey] was "a safety hazard" without assessment via a written safety violation warning; [BASF] threatened to accuse [Chancey] of "abandoning his job" while preventing him access to the job site; [Chancey] was threatened with termination on several occasions and given deadlines for termination such as January 4, 2022 and February 1, 2022; [Chancey] was refused access to job site, his office, the break room and rest rooms; [Chancey] was repeatedly coerced by management to undertake accommodations for a perceived, yet undiagnosed disability; [BASF] continued to harass

No. 23-40032

[Chancey] despite [Chancey] claiming protected opposition status by filing an EEOC charge; [BASF] threatened [Chancey] with incurring extra costs for weekly "antigen testing" at his own expense that other employees did not incur; and [BASF's] ADA compliance officer refused to mitigate the retaliation or aid and encourage [Chancey] in enjoying his rights protected under the ADA.

Confusingly, Chancey also asserts that BASF's COVID-19 policy was *itself* retaliation. In any event, none of these allegations, even if true, amounts to a claim of retaliation. They are all either conclusory, petty slights, or actions we have otherwise held not to be "materially adverse." *See Hamilton v. Dallas Cnty.*, No. 21-10133, —F.4th—, 2023 WL 531616, at *7 (5th Cir. 2023) ("de minimis workplace trifles" are not actionable). The same goes for the allegation Chancey stresses most in his briefing—threat of termination. *See Credeur v. Louisiana*, 860 F.3d 785, 798 (5th Cir. 2017).

## D

Chancey lastly argues that the district court erred by dismissing his claims with prejudice. He emphasizes that he is not a lawyer and that the district court ought to have given him leave to amend his pleadings to correct the deficiencies in his amended complaint. We disagree.

True, district courts must grant leave to amend "freely," *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982), and must have a "substantial reason" to deny a request for leave to amend. *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). Ultimately, though, "[d]ecisions concerning motions to amend are 'entrusted to the sound discretion of the district court.'" *Jones v. Robinson Property Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)). And a district court acts within its discretion

No. 23-40032

to deny leave to amend if, for example, amending the complaint would be futile. *Id.*

That appears to be the case here. Chancey has already amended his complaint once, and we do not doubt that he has put his best case forward, as evidenced by the nine-page affidavit and the 128 pages of exhibits attached to his nineteen-page complaint. More importantly, though, under the district court's local rules, Chancey was *already* given a chance to amend his complaint after a pre-motion conference with BASF—which he expressly refused. Chancey does not argue that the district court's motion procedure is unfair, *see Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998), nor can we conclude that it was based on our independent review of the record. The district court thus properly dismissed Chancey's claims with prejudice.

## IV

Chancey failed to state plausible claims of discrimination under the ADA for his "perceived" disability, and the district court did not err in dismissing them with prejudice.

AFFIRMED.